**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 97-6052

BOBBY JOE MCKNIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-96-20)

Submitted: April 17, 1997

Decided: May 7, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Bobby Joe McKnight, Appellant Pro Se. Jane H. Jolly, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Joe McKnight appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence.* We dismiss.

McKnight pled guilty to use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.§ 924(c) (1994). The conduct comprising the firearm offense, however, was actually committed by his co-conspirator and attributed to him under the doctrine established in Pinkerton v. United States , 328 U.S. 640 (1946). McKnight now contends that the conduct of his co-defendant did not constitute "use" as defined by the Supreme Court in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448) and appears to argue that Bailey should apply retroactively to his conviction. He also asserts the conduct of his co-defendant should not be attributed to him because he "never agreed to any part of the gun."

We note initially that application of Bailey to McKnight's case would not be retroactive, as Bailey was decided prior to the commission of McKnight's offense. More importantly, the conduct of McKnight's co-defendant clearly constituted "carry" as that term has been defined by this Court. See United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997). We further find that it is reasonably foreseeable that when engaged in drug distribution one's drug associates may carry firearms in furtherance of this activity. See United States v. White, 875 F.2d 427 (4th Cir. 1989) (stating that "it is not unreasonable to recognize that weapons have become tools of the trade in illegal narcotics operations") (citations omitted). Accordingly, we find that the co-defendant's actions were properly attributed to McKnight under the theory set forth in Pinkerton. We therefore deny a certificate of appealability and dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the

_____
*Although McKnight labels his motion as being brought under Fed. R. Crim. P. 35, we agree with the district court that it is more properly a motion brought under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997).

2

materials before the court and argument would not aid the decisional process.

DISMISSED