**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4801

RONALD LEE JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-191-A)

Submitted: June 19, 1997

Decided: July 7, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Casey Forrester, ECONOMOU, FORRESTER & RAY, Alexan-
dria, Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Michael E. Rich, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Lee Jones appeals his conviction for carrying a firearm during and in relation to a drug trafficking offense pursuant to 18 U.S.C. § 924(c)(1) (1994), claiming that in light of Bailey v. United States, ___ U.S. ___, 116 S. Ct. 501 (1995), his conviction should be vacated because the evidence was insufficient to establish that he carried a firearm during and in relation to a drug trafficking crime. We affirm.

Jones was arrested while assisting in the sale of two kilograms of cocaine to an undercover operative. Jones had paid a co-conspirator to drive him to the transaction. During the drive, Jones handled the revolver, which lay on the transmission hump in the passenger compartment, and asked his co-conspirator where his co-conspirator's gun was. At the time of the arrest, Jones was behind the wheel of an automobile after moving the car at an undercover officer's request, and law enforcement officers discovered a revolver on the front seat.

A jury found Jones guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1994), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). The court sentenced Jones to a total of 322 months incarceration. Jones timely appeals, challenging the sufficiency of the evidence to support his § 924(c)(1) conviction.

We find, contrary to Jones's assertion, that the evidence was sufficient to establish that he carried the firearm during and in relation to a drug trafficking crime. In assessing the sufficiency of the evidence, this court considers whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have

2

found the defendant guilty beyond a reasonable doubt. A defendant carries a firearm "during and in relation to" a drug trafficking crime if the firearm facilitates or has the potential to facilitate the drug trafficking offense. <u>See United States v. Mitchell</u>, 104 F.3d 649, 654 (4th Cir. 1997) (stating that firearm is carried under § 924(c)(1) if it has "some purpose or effect with respect to drug trafficking crime" and "if its presence was not `result of accident or coincidence'") (quoting <u>Smith v. United States</u>, 508 U.S. 223, 227-28 (1993)).

The evidence reveals that Jones carried the gun during and in relation to a drug trafficking crime when he transported the loaded firearm in the passenger compartment of the automobile to the drug exchange. Jones's firearm provided the potential to facilitate the drug transaction and its presence in the automobile was not coincidental. Because we find that any rational trier of fact could have found Jones guilty of carrying a firearm during and in relation to a drug trafficking crime beyond a reasonable doubt, we affirm his conviction under § 924(c)(1).

We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not significantly aid in the decisional process.

<u>AFFIRMED</u>

3