**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-7594

GEORGE ROE MATTHEWS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-91-382-3-17, CA-96-418-3-17)

Submitted: September 23, 1997

Decided: October 23, 1997

Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George Roe Matthews, Appellant Pro Se. Mary Gordon Baker, Assis-
tant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Roe Matthews appeals from the district court's denial of his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), motion and his corresponding Fed. R. Civ. P. 59(e) motion to alter or amend judgment. Matthews contends that his conviction under 18 U.S.C. § 924(c) (1994), for use and carry of a firearm during and in relation to a drug trafficking offense should be vacated following Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448), for insufficiency of the evidence to support a conviction under the "carry prong" and for an erroneous jury instruction under the rationale of Yates v. United States , 354 U.S. 298 (1957). We affirm.

Addressing Matthews' insufficiency argument, our review reveals that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that Matthews carried the firearm at issue as defined by this Court in United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997), beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (providing standard). Turning to Matthews' jury instruction claim, we find that, applying the rationale of United States v. Hudgins, ___ F.3d ___, No. 95-5387 (4th Cir. Aug. 5, 1997) (published), it is clear that the jury found, on sufficient evidence, that Matthews engaged in conduct constituting carry of a firearm during and in relation to the drug trafficking offense. We therefore find that neither of these claims warrant reversal of the district court's order. As to Matthews' Rule 59(e) motion, we note, as did the district court, that it was based entirely upon an Eighth Circuit case which is factually distinguishable from Matthews' case. This distinction leads us to conclude that the district court did not abuse its discretion in denying Matthews' Rule 59(e) motion. See Browning-Ferris Indus., Inc. v. Kelco Disposal, Inc. , 492 U.S. 257, 279 (1989) (providing standard of review).

Accordingly, we affirm the denial of both the § 2255 motion and the motion to alter or amend judgment. We dispense with oral argument because the facts and legal contentions are adequately presented

2

in the materials before the court and argument would not aid the deci-
sional process.

AFFIRMED

3