**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 96-4802

ALONZA LEE FALDEN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-95-70120-1)

Argued: October 3, 1997

Decided: October 29, 1997

Before NIEMEYER and HAMILTON, Circuit Judges, and
BOYLE, Chief United States District Judge for the
Eastern District of North Carolina, sitting my designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Patterson Rogers, III, Danville, Virginia, for
Appellant. Joseph William Hooge Mott, Assistant United States
Attorney, Roanoke, Virginia, for Appellee. **ON BRIEF:** Robert P.
Crouch, Jr., United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alonza Lee Falden appeals the district court's order denying his motion to vacate his conviction, following a guilty plea, for using or carrying a firearm in relation to a drug trafficking offense. See 18 U.S.C. § 924(c)(1). Falden asserts that under Bailey v. United States, 116 S. Ct. 501 (1995), the government's evidence did not provide a sufficient factual basis to support his guilty plea and that he should have been permitted to withdraw his plea. Having considered the factual basis for Falden's guilty plea in light of Bailey, we affirm.

I.

On July 12, 1995, Ralph Moore, now a police officer with the City of Danville, Virginia and then an informant working undercover with the Pittsylvania County Sheriff's Office, drove to Falden's house for the purpose of purchasing crack cocaine. Falden was not at home when Officer Moore arrived, so Officer Moore waited for Falden's return. Falden later arrived at his house carrying what appeared to be a Smith and Wesson .357 magnum revolver in a black "Uncle Mike's" holster. As Falden approached the house, he handed the revolver to a female companion who took the weapon to a room at the back of the house. Officer Moore was close enough to the revolver, however, to see its Smith and Wesson markings and the "Uncle Mike's" tag on the holster.

Once Falden entered the house, Officer Moore asked Falden if the weapon was indeed a .357 revolver, and Falden stated that it was. During a second buy on July 12, Officer Moore asked Falden about the possibility of purchasing the revolver from Falden, to which Falden responded that he would not sell his "baby." (J.A. 30-31, 37).

When Falden came inside the house, Falden and Officer Moore discussed the transaction. Falden then retrieved 1.62 grams of crack

2

cocaine from a black "fanny pack" that he usually carried around his waist and sold it to Officer Moore for $100.

On July 20, 1995, an agent from the Bureau of Alcohol, Tobacco and Firearms and investigators from the Pittsylvania Sheriff's Department searched Falden's residence pursuant to a search warrant. The investigators found no firearms or crack cocaine.

On October 19, 1995, Falden was named in a twelve-count indictment handed down by a grand jury for the Western District of Virginia. Count One charged Falden with possession of crack cocaine with intent to distribute in violation of 21 U.S.C.§ 841(a)(1); Count Two charged Falden with possession of marijuana in violation of 21 U.S.C. § 844; Count Three charged Falden with possession of a firearm by a convicted felon in violation of 18 U.S.C.§ 922(g); Counts Four and Eleven of the indictment charged Falden with knowingly using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); Counts Five through Ten and Count Twelve charged Falden with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Count Eleven pertained to the July 12, 1995 incident and charged "[t]hat on or about July 12, 1995, in the Western Judicial District of Virginia, ALONZA LEE FALDEN did knowingly use and carry a firearm during and in relation to a drug trafficking crime . . . [i]n violation of Title 18, United States Code, Section 924(c)." (J.A. 13). Count Four, the other§ 924(c)(1) charge, pertained to a drug trafficking offense that occurred on April 6, 1995.

On May 7, 1996, pursuant to a written plea agreement, Falden entered guilty pleas to all counts contained in the indictment except Count Four. After hearing evidence establishing a factual basis for the guilty pleas, the district court accepted Falden's guilty pleas and dismissed Count Four of the indictment.

On October 4, 1996, prior to his sentencing, Falden filed a motion to withdraw his guilty plea as to Count Eleven of the indictment. In his motion, Falden argued that under Bailey, the evidence did not support a finding that Falden had "used" or "carried" a firearm in violation of § 924(c).

On October 9, 1996, the district court heard evidence pertaining to Falden's motion. During the October 9 hearing, for the first time, Fal-

3

den asserted that the weapon that appeared to Officer Moore to be a Smith and Wesson .357 magnum revolver was actually a .357 carbon dioxide Predator pellet pistol that he regularly carried, in part, as a show of "protection." (J.A. 48, 50). The district court explicitly discredited Falden's testimony on this point, finding that Officer Moore's previous testimony that he had seen a Smith and Wesson .357 magnum revolver was more credible than Falden's, particularly when considered in light of Falden's previous failure to argue that Officer Moore's testimony was incorrect. The district court concluded that the evidence was sufficient to sustain a conviction for knowingly carrying a firearm during a drug trafficking offense and denied Falden's motion to vacate his § 924(c)(1) conviction. The district court then sentenced Falden to 100 months' imprisonment on Counts One through Three, Five through Ten, and Twelve of the indictment, to run concurrently, and to sixty months' imprisonment on Count Eleven, to run consecutively to the other counts.

On October 17, 1996, the district court entered final judgment, and the following day, Falden noted a timely appeal. On appeal, Falden argues that the district court abused its discretion under Bailey in finding a sufficient factual basis to support his conviction under § 924(c)(1).

II.

A.

Federal Rule of Criminal Procedure 11(f) provides that a court should not enter a judgment upon a guilty plea unless the court finds a sufficient factual basis to support the plea. F ED. R. CRIM. P. 11(f); see also United States v. Morrow, 914 F.2d 608, 611 (4th Cir. 1990). In order to comply with Rule 11(f), a district court need not replicate a trial, but rather, need only "be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). We review a district court's determination that a sufficient factual basis exists to support a guilty plea for abuse of discretion. See id.

4

B.

Falden challenges the factual basis supporting his guilty plea to Count Eleven of the indictment on several grounds. First, Falden attacks the factual basis supporting his guilty pleas as insufficient to support a finding that he "used" or "carried" a firearm under Bailey.[1] In Bailey, the Supreme Court held that the mere possession of a firearm in relation to a drug trafficking offense is not sufficient to support a conviction under § 924(c). See Bailey , 116 S. Ct. at 508 ("the inert presence of a firearm, without more, is not enough to trigger § 924(c)(1)"). Instead, to support a conviction for "using" a firearm under § 924(c), there must be evidence of "an active employment of the firearm by the defendant." Bailey, 116 S. Ct. at 505. Although the Supreme Court did not directly address the "carry" prong of § 924(c)(1) in Bailey, we have since held that to support a conviction for "carrying" a firearm under § 924(c)(1), there must be evidence of "knowing possession and bearing, movement, conveyance, or transportation of the firearm." Mitchell, 104 F.3d at 653.

In this case, even if Falden did not actively employ the weapon,[2] he, at least, "carried" the weapon as we defined "carry" in Mitchell. That is, the undisputed evidence is that Falden physically carried the weapon from the car toward the house and that as he neared the house, he handed the weapon to a female companion. The evidence

_____

[1] The United States argues initially that, by pleading guilty, Falden waived his right to challenge the sufficiency of the evidence to support his conviction. Because we find that an adequate factual basis exists to support Falden's plea, however, we need not decide this issue and, instead, assume for purposes of this appeal that Falden has not waived his right to challenge the sufficiency of the evidence supporting his conviction.

[2] In Bailey, the Supreme Court stated that "use" as found in § 924(c)(1) includes "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire." Bailey, 116 S. Ct. at 508. In this case, Falden arguably "displayed" the weapon when he carried it openly and in such manner that it was readily visible to Officer Moore. We need not decide whether carrying a weapon in such a manner constitutes the "active employment" and "use" of a weapon, however, because Falden clearly "carried" the weapon as defined in Mitchell. See Mitchell, 104 F.3d at 653.

5

is sufficient, therefore, to support the conclusion that Falden "carried" under Bailey.

C.

Second, Falden argues that even if he did "carry" a weapon, he did not carry a "firearm" because the weapon he was carrying was a carbon dioxide pellet pistol, which is not considered a "firearm" for purposes of § 924(c)(1). See 18 U.S.C. § 921(a)(3) (defining "firearm" for purposes of § 924). During the Rule 11 plea colloquy, however, Falden never argued that the weapon was merely a pellet pistol, despite the fact that Officer Moore testified at that hearing that he saw Falden carrying a .357 Smith and Wesson revolver. Instead, the first time Falden argued that the object was merely a pellet pistol was at the hearing on his motion to withdraw his plea. In addition, the district court explicitly found that Falden's later testimony that the pistol was merely a pellet pistol was not credible and that the pistol was indeed a .357 Smith and Wesson firearm. In light of the testimony and the circumstances of that testimony, it cannot be said that the district court abused its discretion in finding that a sufficient factual basis existed to support the conclusion that Falden carried a "firearm" for purposes of § 924(c)(1).

D.

Finally, Falden argues that even if he carried a firearm, there was insufficient evidence to support a finding that he used or carried a firearm "in relation to" a drug trafficking offense. We have previously stated that "[a] firearm is carried `in relation to' a drug trafficking offense if it has `some purpose or effect with respect to the drug trafficking crime' and if its presence was not `the result of accident or coincidence.'" Mitchell, 104 F.3d at 654 (quoting Smith v. United States, 508 U.S. 223, 238 (1993)). If a firearm is carried "for protection or intimidation," it is carried "in relation to" the drug trafficking offense. Id.

In this case, Officer Moore testified that Falden openly carried the firearm toward the house before giving it to his female companion. Although Falden argues that there is no evidence that he knew that Officer Moore was in the house or that he was about to sell Officer

6

Moore crack at the time that he carried the firearm toward the house, Officer Moore testified that he was close enough to the firearm to see its Smith and Wesson markings and to identify the type of holster it was carried in. Id. In addition, later that day, Falden allegedly referred to the firearm as his "baby," and at the district court's hearing on Falden's motion to vacate his conviction, Falden testified that he regularly carried the pistol as a show of "protection." Id. Because Falden openly carried the firearm just prior to conducting a sale of crack cocaine and because he regularly carried the firearm as a show of protection, the district court did not abuse its discretion in finding that the presence of the firearm was not merely coincidental and in concluding that the firearm served a purpose with respect to the drug trafficking offense.**3**

III.

Having considered the factual basis for Falden's guilty plea in light of Bailey, we hold that the district court did not abuse its discretion in finding that there was sufficient evidence to support Falden's plea of guilty to using or carrying a firearm in relation to a drug trafficking offense in violation of § 924(c)(1). Accordingly, the judgment of the district court is affirmed.

AFFIRMED
_____

**3** We note further that Falden retrieved the crack cocaine that he sold to Officer Moore from a "fanny pack" that he regularly carried around his waist. At the time that he was carrying the firearm toward the house, then, Falden possessed crack with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Since this offense is a drug trafficking offense for purposes of § 924(c)(1), see 18 U.S.C. § 924(c)(2), the district court did not abuse its discretion in finding a sufficient factual basis to support its finding that Falden carried a firearm "in relation to" a drug trafficking offense.

7