UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PAM TURNER, a/k/a Pamela M.
Turner,
Defendant-Appellant.

No. 96-4262

Appeal from the United States District Court for the
District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-94-238)

Submitted: December 2, 1997

Decided: December 24, 1997

Before NIEMEYER and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Suzanne E. Coe, ARNOLD & COE, L.L.P., Greenville, South Caro-
lina, for Appellant. J. Rene Josey, United States Attorney, Harold W.
Gowdy, III, Assistant United States Attorney, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Pam Turner was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1997). She was sentenced to 180 months imprisonment for the first count, and sixty months for the second count, to be served consecutively. On appeal, Turner asserts that the evidence was insufficient to support her conviction under § 924(c), in light of the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492). We find the evidence sufficient, and affirm the conviction.

On December 3, 1993, Pam Turner drove from Athens, Georgia to Anderson, South Carolina. Carlos Cox and Turner's brother, William Oglesby,* were passengers in the car. Cox testified at trial that he saw a 9mm pistol on the floor of the passenger side. In Anderson, Turner rented a car under a different name, and the trio drove to Greenville, South Carolina. Cox again saw the 9mm pistol, and a black pouch he believed was Turner's.

In Greenville the group went to Turner's apartment. Cox saw Turner put what looked like cocaine in the black pouch. Turner carried a Crown Royal bag and the black pouch from her apartment to the car. On the way back to Anderson, Turner stopped at a record store, where she got into a dispute about a debt. The police were called, and arrested Cox and Oglesby, but Turner stole a car and fled. She remained a fugitive for over a year before being arrested under another name. During that period she told a friend that she had lost half a kilogram of cocaine in Greenville.

_____

*Oglesby was deceased by the time of Turner's trial.

2

Police inventoried the vehicle abandoned at the record store. They found a Crown Royal bag between the driver's seat and the passenger's seat, containing 183 grams of crack cocaine wrapped in small plastic bags. Police also discovered a loaded Glock 9mm pistol up under the edge of the driver's seat, and a loaded H & R .32 caliber revolver under the edge of the passenger seat. Another loaded magazine for the Glock was in the glove compartment. Police found a set of digital scales between the driver's and front passenger's seats. The car also contained a small legal notepad and a leather pouch with over $8000 in cash. The jury convicted Turner of possession with intent to distribute cocaine base and using or carrying a firearm during and in relation to a drug trafficking crime.

The only issue Turner raises on appeal is the sufficiency of the evidence to support her conviction under 18 U.S.C.§ 924(c). We must sustain the verdict if there is substantial evidence, viewed most favorably to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). We consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proved to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To support a conviction under § 924(c), the government must prove: (1) that the defendant used or carried a firearm; and (2) that she did so during and in relation to a drug trafficking offense. Smith v. United States, 508 U.S. 223, 227-28 (1993). In Bailey, the Supreme Court held that "use" means an active employment of the firearm, making the firearm an operative factor in the crime. Bailey, 64 U.S.L.W. at 4041. The evidence here does not support conviction under that prong. The guns were in the front of the car as Turner transported drugs, cash, and paraphernalia, but were not brandished, displayed, bartered, or fired. Id. at 4042.

The evidence was sufficient, however, to support a conviction under the "carry" prong of the statute. This term requires "knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner." United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997). Knowing possession and transportation in a vehicle provides adequate support for this element of the offense. Id. at 654. The crack cocaine, scales, cash, and notebook provide adequate

evidence that the weapons were carried during and in relation to a drug trafficking offense. Therefore, the evidence was sufficient to support Turner's conviction under § 924(c).

We affirm Turner's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4