**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-7213

CALVIN ANGELO COWARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-90-52-H, CA-96-63-4-H)

Submitted: November 26, 1996

Decided: January 26, 1998

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion. Judge Motz concurs
only in the judgement.

_____

**COUNSEL**

Calvin Angelo Coward, Appellant Pro Se. Barbara Dickerson Kocher,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin Coward seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). He attacks his conviction for aiding and abetting the use or carrying of a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1) (West Supp. 1997), alleging primarily that "there was insufficient evidence to show active employment of the firearm." (Petitioner's Memorandum in Support of § 2255 Motion at 5.) The district court denied Coward's motion, stating that it had

> carefully considered this matter, particularly as relates to this court's interpretation of Bailey v. United States, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995). This court concludes that Bailey did not change the interpretation of the "carrying" prong of 18 U.S.C. § 924(c). Additionally, Bailey did not change the interpretation of "aiding and abetting" the carrying of a firearm.

See United States v. Coward, Nos. 4:90-CR-52-2-H; 4:96-CV-63-H (E.D.N.C. July 9, 1996).

Although Bailey did not expressly change the interpretation of the "carrying" prong of 18 U.S.C.A. § 924(c)(1), we have recently clarified what it means to carry a firearm in connection with a drug trafficking offense. See United States v. Mitchell , 104 F.3d 649, 653 (4th Cir. 1997) (holding that "the plain meaning of the term `carry' as used in § 924(c)(1) requires knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner"). Under this statutory definition of "carry," it is clear that Coward's cousin (the principal) carried a firearm during and in relation to a drug trafficking offense. He admitted that he was in possession of the revolver and the evidence established that he transported or conveyed the weapon in connection with the drug offense. Cf. id. at 654. In addition, Bailey did not change the interpretation of "aiding and abetting" the carrying of a firearm. See United States v. Price, 76 F.3d 526, 529 (3d Cir. 1996) (holding post-Bailey that defendant aided and abetted

2

the carrying of a firearm in violation of § 924(c)); see also United States v. Martin, 25 F.2d 211, 213 (4th Cir. 1994) (defendant convicted of aiding and abetting violation of § 924(c)); United States v. Adkins, 937 F.2d 947, 950 (4th Cir. 1991) (discussing § 924(c)(1) liability under aiding and abetting theory). Accordingly, we conclude that the evidence is sufficient to support Coward's conviction.

Although Coward raised only a sufficiency claim in his § 2255 Motion (Motion at 5), he raised the issue of instructional error in his supporting papers (Petitioner's Memorandum in Support of § 2255 Motion at 18-21). According to Coward, he was "tried on [an] erroneous jury instruction that allowed a jury to broadly construe 924(c) to encompass acts that were not criminal." (Petitioner's Memorandum in Support of § 2255 at 19.) Because Coward did not object to the jury instructions at trial, we review his conviction for plain error under Federal Rule of Criminal Procedure 52(b). See United States v. Hastings, No. 94-5670 (4th Cir. Jan 14, 1998); see also United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996).

Our review of the district court proceedings reveals that -- in light of the Supreme Court's decision in Bailey and our decision in Mitchell -- the district court's jury instruction on the § 924(c)(1) charge was error, see Olano, 507 U.S. at 732-33, that is "`clear' or . . . `obvious,'" id. at 734. We are not convinced, however, that the district court's erroneous jury instruction affected Coward's "substantial rights." See id. The language "affecting substantial rights" "means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Id. An error not affecting the outcome of the trial, i.e., a harmless error, does not affect a defendant's substantial rights and does not satisfy the requirements of plain-error analysis under Olano.

It is firmly established that "improperly instructing the jury on an element of the offense . . . [is] an error which is subject to harmless-error analysis." Johnson v. United States, 117 S. Ct. 1544, 1550 (1997) (citing Yates v. Evatt, 500 U.S. 391 (1991); Carella v. California, 491 U.S. 263 (1989); Pope v. Illinois, 481 U.S. 497 (1987); Rose v. Clark, 478 U.S. 570 (1986)). Applying harmless-error analysis to the misinstruction in this case, we conclude that Coward

3

was not prejudiced by the district court's erroneous jury instruction. Cf. Hastings, slip op. at 9 (setting forth "the standard for determining when an error of misinstruction [is] . . . harmless"). Coward and his cousin were in the back bedroom of a house when police officers executed a search warrant. As the officers approached the bedroom, they heard an object hit the floor. Upon entering the room, the officers discovered a revolver lying on the floor between Coward and his cousin. A large quantity of drugs and drug paraphernalia were also found in the room. Coward's cousin admitted that he was in possession of the revolver, and, as we have said, evidence presented at trial established that Coward's cousin "carried" the firearm in the post-Bailey and post-Mitchell sense of those terms. The jury convicted Coward of possessing cocaine with the intent to distribute and of aiding and abetting the use or carrying of a firearm during and in relation to a drug trafficking offense.

Even if we assumed that Coward's substantial rights were affected by the district court's erroneous instruction, we would nevertheless decline to notice the error. An appellate court may exercise its discretion to notice (and correct) forfeited error after concluding that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (alteration in original). In this case that question must be answered in the negative. The evidence that Coward aided and abetted the carrying of a firearm during and in relation to a drug trafficking offense is overwhelming. And, as the Supreme Court has held, where the evidence supporting a conviction is overwhelming, "there is no basis for concluding that the error `seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" Johnson, 117 S. Ct. at 1550 (alteration in original). "Indeed, it would be the reversal of a conviction such as this which would have that effect." Id. Accordingly, we decline to notice the error.

We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4