**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 97-6974**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

SALVATORE GRILLO,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-93-33-BO, CA-97-90-5-BO)

———————————

Submitted: August 25, 1998        Decided: September 17, 1998

———————————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Clifford James Barnard, Boulder, Colorado, for Appellant. Anne Margaret Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Salvatore Grillo seeks to appeal the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and denying his motion for reconsideration. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See United States v. Grillo, Nos. CR-93-33-BO; CA-97-90-5-BO (E.D.N.C. May 7 & June 24, 1997). To the extent Grillo challenges the district court's jurisdiction to accept his guilty plea or enter judgment against him, we find that the indictment was sufficient to notify Grillo of the elements of the 18 U.S.C. § 924(c) (1994) offense. See Muscarello v. United States, ___ U.S. ___, 66 U.S.L.W. 4459, 4463 (U.S. June 8, 1998) (Nos. 96-1654, 96-8837); United States v. Williams, ___ F.3d ___, 1998 WL 429863 at *3-4 (4th Cir. July 30, 1998) (No. 96-4162). Grillo's claim that the indictment was erroneously amended and his ineffective assistance of counsel claims are barred from review because Grillo failed to raise them before the district court in his § 2255 motion. See Spencer v. Murray, 5 F.3d 758, 761-62 (4th Cir. 1993). Finally, we find that Grillo's guilty plea to the § 924(c) offense had a factual basis consistent with Bailey v. United States, 516 U.S. 137, 148-50 (1995). See Muscarello, 66 U.S.L.W. at 4463; United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997). We dispense with

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED