UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4505

MICHAEL SHAWN THOMAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Jerome B. Friedman, District Judge.
(CR-97-445)

Submitted: April 30, 1999

Decided: May 24, 1999

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, James L. Trump, Assistant United
States Attorney, Thomas G. Connolly, Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Michael Shawn Thomas appeals from his convictions after a jury trial for conspiracy to distribute crack cocaine, marijuana, and PCP, in violation of 21 U.S.C. § 846 (1994); murder while engaged in drug trafficking, in violation of 21 U.S.C. § 848(e) (1994); murder in the course of a firearms offense, in violation of 18 U.S.C.A. § 924(j) (West Supp. 1999); possession with intent to distribute marijuana and crack cocaine and distribution of crack cocaine, in violation of 21 U.S.C.A. § 841 (West Supp. 1998); and four counts of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999). Finding no error, we affirm the judgment of conviction.

Thomas first challenges the sufficiency of the evidence on the § 924(c) conviction which charged him with a firearm violation on or around February 21, 1996. Viewing the evidence presented at trial in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), Shawn Shannon saw Thomas with a TEC-9 (a semi-automatic weapon), a .38 caliber revolver, and another gun, while they were driving around selling crack cocaine in February of 1996. The guns were in a bag, where Thomas also stored money he made that day from selling crack cocaine to Shannon and others. When Shannon was dropped off at his home, he encouraged Thomas to leave the guns with him, but Thomas stated that he needed the guns because the situation was getting "hot." Thomas then placed the guns in the car and left. When Thomas was arrested later that night, police found a bag in the trunk, containing a 9 mm, a .38, ammunition, and cash.

Thomas argues that there was no evidence that (1) he actively employed the firearms, (2) the bag found in the trunk belonged to him or that he was even aware of its presence, or (3) even assuming that Thomas "carried the weapon," he did so in relation to a drug trafficking crime. However, contrary to Thomas's assertion, the evidence was sufficient to convict him. Thomas carried the guns with him in the car throughout the day while he sold crack cocaine, and he stored his drug money in the same bag with the guns. Furthermore, after drop-

2

ping Shannon off, Thomas kept the guns with him for protection. Because Thomas carried the guns in the car throughout the day, proof of "active employment" or "use" was unnecessary. See United States v. Mitchell, 104 F.3d 649, 652-54 (4th Cir. 1997). Further, while the jury could reasonably have concluded that the bag found by the police was indeed Thomas's bag, such a finding was not necessary for conviction, because sufficient evidence showed that Thomas carried the weapons earlier in the day. Based on the foregoing, we find the evidence sufficient to sustain Thomas's § 924(c) conviction.

Thomas next challenges his murder convictions for the killing of Robert Willis. The evidence showed that Willis supplied Thomas with marijuana and that Thomas thought that Willis was cheating him by putting rocks in the marijuana and charging him for a greater weight. The bulk of the testimony on this issue came from eyewitness Lamonte Jones, a co-conspirator, who stated that he was in a car with Thomas when Thomas led Willis to a deserted area and then shot him. In addition, other co-conspirators testified that Thomas was upset with and had threatened Willis and that Thomas admitted to the murder after it occurred.

Thomas contends on appeal that Jones was an unreliable witness and that there was not sufficient corroboration as to the remaining testimony. However, an appellate court does not review the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The jury had the opportunity to judge the demeanor of the witnesses and apparently elected to credit their testimony. We will not disturb this judgment. The testimony of Jones was sufficient, if believed, to prove that Thomas shot and killed Willis. Because Thomas does not challenge any other elements of proof on the murder charges, we affirm these convictions.

Finally, Thomas challenges the denial of his motion for a mistrial. Thomas contends that the prejudicial impact of inadvertently showing an excluded photograph unfairly inflamed the jury. However, we find that the photograph's prejudicial value was not substantial enough to warrant a mistrial.

The subject photograph was of the gunshot wounds to Willis's face. However, many other pictures of Willis's body were admitted

3

without objection. While the subject photograph apparently had more blood than the others, it strains credulity to believe that this picture would have impacted the jury to any great degree, especially as the district court found that it was shown for only a second. Finally, as there was overwhelming evidence of Thomas's guilt on all charges, we find that Thomas has failed to show prejudice from the denial of his motion.

For these reasons, Thomas's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4