PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5792

WAYNE MORRIS MITCHELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-94-217)

Argued: October 28, 1996

Decided: January 15, 1997

Before WILKINS and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Luttig and Senior Judge Phillips joined.

_____

COUNSEL

ARGUED: Theophilus O. Stokes, III, Greensboro, North Carolina,
for Appellant. Michael Francis Joseph, Assistant United States Attor-
ney, Greensboro, North Carolina, for Appellee. ON BRIEF: Thomas
N. Cochran, FEDERAL PUBLIC DEFENDER'S OFFICE, Greens-
boro, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Wayne Morris Mitchell appeals his conviction for using or carrying a firearm during and in relation to a drug trafficking offense pursuant to 18 U.S.C.A. § 924(c)(1) (West Supp. 1996), arguing that in light of the decision of the Supreme Court in Bailey v. United States, 116 S. Ct. 501 (1995), the district court failed to develop an adequate factual record to support his plea of guilty entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). See Fed. R. Crim. P. 11(f). We affirm.

I.

Mitchell was arrested while assisting in the sale of a kilogram of cocaine to an undercover operative in Mitchell's automobile, which he had driven to the parking lot of a restaurant where the exchange was to occur. At the time of the arrest, law enforcement officers discovered a loaded firearm located between the front bucket seats of the vehicle. The cocaine was discovered "[o]n the hump of the floorboard." J.A. 15.

Mitchell subsequently pled guilty to possession with the intent to distribute cocaine, see 21 U.S.C.A. § 841(a)(1) (West 1981), and using or carrying a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1). With respect to the latter charge, Mitchell maintained that he had placed the firearm in the vehicle long before the contemplated drug transaction in order to protect his son; thus, Mitchell claimed that he did not use or carry the firearm "during and in relation to" the drug trafficking crime. Despite his protestations of innocence of the firearm offense, Mitchell entered an Alford plea of guilty to the § 924(c)(1) charge in the hope of obtaining more favorable sentencing treatment.

During the sentencing hearing,[1] an agent of the Bureau of Alcohol,

_____

[1] The district court deferred taking the factual basis for the plea until the sentencing hearing.

2

Tobacco and Firearms testified to the facts set forth above concerning the location of the firearm and details of the drug transaction to provide the factual support for the plea. The district court thereafter ruled that this evidence provided an adequate factual basis for the plea. See Fed. R. Crim. P. 11(f). The court sentenced Mitchell to 46 months imprisonment for the drug conviction, followed by a consecutive 60-month sentence for the § 924(c)(1) conviction. Mitchell now appeals, challenging the sufficiency of the evidence to support his § 924(c)(1) conviction.

II.

Before a court may enter judgment on a plea of guilty, it must find a sufficient factual basis to support the plea. See Fed. R. Crim. P. 11(f); United States v. Morrow, 914 F.2d 608, 611 (4th Cir. 1990). Federal Rule of Criminal Procedure 11(f) provides:

> Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

In order to comply with Rule 11(f), a district court need not replicate the trial that the parties sought to avoid. Morrow, 914 F.2d at 611. Rather, it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense. See id. The district court possesses wide discretion in determining whether a sufficient factual basis exists, and its acceptance of a guilty plea will be reversed only for an abuse of that discretion. Id. at 611, 613. And, if the evidence presented is sufficient to demonstrate that the defendant committed the elements of the charged offense, acceptance of the plea clearly does not constitute an abuse of discretion. See id. at 613; United States v. Riascos-Suarez, 73 F.3d 616, 624 (6th Cir.), cert. denied, 117 S. Ct. 136 (1996).[2]

_____

[2] Relying on United States v. Willis, 992 F.2d 489 (4th Cir.), cert. denied, 510 U.S. 857 (1993), the Government argues that Mitchell may not challenge the sufficiency of the factual basis for the plea. Willis stands for the unexceptional proposition that a voluntary, knowing, and

3

Section 924(c)(1) mandates the imposition of criminal penalties if a defendant "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm." 18 U.S.C.A. § 924(c)(1). In order to prove a violation of § 924(c)(1), the Government must show two elements: (1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence. Smith v. United States, 508 U.S. 223, 227-28 (1993); United States v. Sloley , 19 F.3d 149, 152 (4th Cir.), cert. denied, 114 S. Ct. 2757 (1994). Mitchell disputes the sufficiency of the evidence of both elements, so we address them seriatim.

A.

Mitchell first contends that because no evidence was presented that he actively employed the firearm, the factual basis for the plea was lacking, and accordingly his conviction must be vacated in light of Bailey. In Bailey, the Supreme Court addressed the meaning of the term "uses" in § 924(c)(1). Bailey , 116 S. Ct. at 505. Considering the natural meaning of the term, its placement in the statute, and its purpose in the statutory scheme, the Court held that more than mere possession is required to satisfy the "uses" prong, expressly rejecting the Government's argument that a mere storage or possession of a firearm nearby, which emboldens or protects the defendant, constitutes "use" within the meaning of § 924(c)(1). Id. at 506-09. Instead, the Court ruled that the term "uses" implies active implementation of the firearm and, therefore, that to show a "use" of a firearm in violation of

_____

intelligent guilty plea waives all nonjurisdictional defects including a right to challenge factual guilt of the charges. Id. at 490-91. But, it is well settled that a defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for a plea as required by Rule 11(f), and this court has entertained on direct appeal challenges to the factual basis to support the plea based on that rule. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992); Morrow, 914 F.2d at 611-13. A challenge premised on the failure of the district court to comply with Rule 11(f) was not raised in Willis, and thus a challenge to the sufficiency of the evidence based upon Rule 11(f) is not foreclosed by Willis.

4

§ 924(c)(1), the Government must prove that the defendant actively employed the firearm. Id. at 509.

Mitchell is correct that the evidence developed as the factual basis for the guilty plea is insufficient to support a conclusion that he "used" a firearm within the meaning of § 924(c)(1); there simply was no evidence that Mitchell actively employed the weapon, as the Government concedes. The Bailey Court, however, made clear that an individual may violate § 924(c)(1) by "carrying" a firearm in situations when the defendant's conduct would not amount to the type of active employment necessary to constitute a "use." Id. ("The `carry' prong of § 924(c)(1) . . . brings some offenders who would not satisfy the `use' prong within the reach of the statute."). Therefore, we are called upon to consider whether the evidence presented was sufficient to provide an adequate basis for Mitchell's plea under the "carry" prong of § 924(c)(1).

Although recognizing that the Bailey Court did not attempt to define the term "carry," Mitchell asserts that Bailey makes clear that more than mere possession is required to satisfy the carry prong. See Bailey, 116 S. Ct. at 506 (quoting then Chief Judge Breyer's statement in his dissent in United States v. McFadden , 13 F.3d 463, 467 (1st Cir. 1994), that "the ordinary meanings of the words `use' and `carry' . . . connote activity beyond simple possession"). Hence, Mitchell maintains, the record developed before the district court was insufficient to support his § 924(c)(1) conviction because it demonstrated only possession of the weapon.

When Congress fails to define a statutory term, as it declined to define the term "carries" for purposes of § 924(c)(1), a court should "normally construe it in accord with its ordinary or natural meaning." Smith, 508 U.S. at 228. Webster's defines "carry" as "to move while supporting (as in a vehicle or in one's hands or arms)." Webster's Third New International Dictionary 343 (1981). Similarly, the Random House College Dictionary defines "carry" as "to move while supporting; convey; transport." Random House College Dictionary 207 (rev. ed. 1980); see also Black's Law Dictionary 194 (5th ed. 1979) (defining "carry" as "[t]o bear, bear about, sustain, transport, remove, or convey"). Drawing on these definitions, we conclude that the plain meaning of the term "carry" as used in § 924(c)(1) requires

5

knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner. See United States v. Miller, 84 F.3d 1244, 1258-60 (10th Cir.), cert. denied, 117 S. Ct. 443 (1996). The possession required may be actual (the firearm is within the offender's immediate control) or constructive (the defendant exercises dominion or control over the weapon or the place where the weapon is located). Id. at 1259.

Several courts of appeals that have addressed the meaning of the term "carry" in light of the Bailey decision have held that the firearm must be readily accessible to the defendant to have been carried. See United States v. Cruz-Rojas, 101 F.3d 283 (2d Cir. 1996); United States v. Hernandez, 80 F.3d 1253, 1257-58 (9th Cir. 1996); United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.), cert. denied, 117 S. Ct. 136 (1996); see also United States v. Ramirez-Ferrer, 82 F.3d 1149, 1153-54 (1st Cir.), cert. denied, 117 S. Ct. 405 (1996).

We do not agree that this additional factor is included within the plain meaning of the term "carries." For example, suppose the evidence demonstrated that an individual places cocaine and a firearm into a duffle bag, carries the bag containing these items from his residence to his automobile, loads the items into the trunk of his automobile, drives across town to an arranged transfer point, removes the bag from the trunk and the weapon from the bag, places the firearm in the pocket of a jacket he is wearing, and delivers the drugs. This evidence would be sufficient to demonstrate that the offender"carried" the firearm, within the meaning of § 924(c)(1), at each stage of his journey. A defendant actually possessing a firearm and conveying it on his person--either in his hand, his clothing, or in a satchel he is holding --during a drug transaction is perhaps the clearest example of a violation of the "carry" prong of § 924(c)(1). See Bailey, 116 S. Ct. at 507 (noting that "when an offender keeps a gun hidden in his clothing throughout a drug transaction," it has been carried within the meaning of § 924(c)(1)). And, because the firearm placed in the trunk of the automobile for the journey to the transfer point is obviously being "carried" under the plain meaning of that term, the firearm does not cease to be "carried" simply because it is not readily accessible to the offender. Hence, we along with the Tenth Circuit in Miller, 84 F.3d at 1258-60, and the Seventh Circuit in United States v. Molina, 1996 WL 725703 (7th Cir. Dec. 18, 1996) (No. 96-2108), reject the conclu-

6

sion of those courts of appeals that have determined that ready accessibility is required.**3**

Applying the normal and natural meaning of the term carry, the record developed before the district court was adequate to support a conclusion that Mitchell "carried" the firearm. He knowingly possessed and transported the firearm in his automobile.

B.

Mitchell next contends that the evidence was insufficient to support a conclusion that he carried the firearm "in relation to" the drug offense. Again, we disagree. A firearm is carried "in relation to" a drug trafficking offense if it has "some purpose or effect with respect to the drug trafficking crime" and if its presence was not "the result of accident or coincidence." Smith, 508 U.S. at 238. The firearm must facilitate, or potentially facilitate, the drug trafficking offense. Id. For example, if a firearm is carried for protection or intimidation, it is carried "in relation to" the drug trafficking offense within the meaning of § 924(c)(1). See United States v. Stockstill, 26 F.3d 492, 496 (4th Cir.), cert. denied, 115 S. Ct. 345 (1994).

The district court did not abuse its discretion in finding adequate the factual basis to support a conclusion that Mitchell carried the firearm "during and in relation to" the drug trafficking offense. The evidence indicated that Mitchell transported the loaded firearm in the passenger compartment of his automobile to the drug exchange. Undoubtedly, such evidence may support a conclusion that the weapon provided the potential to facilitate the drug transaction and that its presence in the vehicle was not coincidental.

III.

For the reasons set forth above, we conclude that the evidence
_____
**3** Of course, evidence indicating that a firearm was immediately or readily available to the defendant clearly would satisfy the possession necessary to constitute carrying. See United States v. Hayden, 85 F.3d 153, 162 (4th Cir. 1996).

7

developed on the record by the district court was sufficient to provide a factual basis for Mitchell's guilty plea. Accordingly, we affirm.

AFFIRMED

8