**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-7287

DONIHUE CARR,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CR-93-16-N, CA-95-1217-2)

Submitted: October 7, 1997

Decided: November 17, 1997

Before ERVIN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donihue Carr, Appellant Pro Se. Michael R. Smythers, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donihue Carr appeals from the district court's order denying his motion filed under 28 U.S.C. § 2255 (1994) (current version at 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997)). Carr contends that his conviction under 18 U.S.C. § 924(c) for using or carrying a firearm during and in relation to a drug trafficking offense should be vacated in light of Bailey v. United States, #6D 6D6D# U.S. ___, 116 S. Ct. 501 (1995), for insufficiency of the evidence to support a conviction under the "use" prong and for an erroneous jury instruction. We affirm.

The government properly conceded that under Bailey, Carr did not "use" the firearm. Id. at 508 (holding that use requires active employment of the firearm). Our review of the record discloses, however, that viewing the evidence in the light most favorable to the government, a rational trier of fact could find beyond a reasonable doubt that Carr "carried" the firearm at issue, as carry is defined by this court in United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997). See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (providing standard). Further, although the district court did not address specifically Carr's jury instruction claim, we find that applying the rationale of United States v. Hudgins, 120 F.3d 483 (4th Cir. 1997), it is clear that the jury found on sufficient evidence that Carr engaged in conduct constituting carrying of a firearm during and in relation to the drug trafficking offense. We therefore find that neither of these claims warrants reversal of the district court's order.

Accordingly, we affirm the district court's denial of Carr's § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2