UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4571

NATALIE T. WALKER, a/k/a Meshelle,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-36)

Submitted: December 22, 1998

Decided: January 21, 1999

Before WIDENER and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles A. Gavin, WHITE, BLACKBURN & CONTE, P.C., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Cameron S. Heaps, Special Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Natalie Walker appeals her convictions after a bench trial for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), and 18 U.S.C. § 2 (1994), and two counts of using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1998), and 18 U.S.C. § 2. On appeal, Walker challenges the sufficiency of the evidence. We affirm.

Taking the evidence in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), testimony at trial disclosed that Richmond, Virginia, police officers observed Walker, her co-defendant, Dedric Walker, and Donald McDuffie driving in a white Honda to an apartment for which a search warrant had been obtained. The car was titled and registered to Walker.

Officers executed the warrant at 904 Saint Paul Street, Apartment A--Walker's residence. Dedric Walker and McDuffie were in the living room when officers entered the apartment. Under the chair in which Dedric Walker was sitting, police discovered approximately fifteen grams of crack cocaine. Officers found Natalie Walker lying on a bed in a bedroom. In the bedroom, officers recovered in excess of $4000 in cash, most of which was in a shoe box. The shoe box also contained a corner of a small plastic baggie with crack residue. In the bedroom closet and the kitchen, officers discovered two sets of scales.

After obtaining Walker's consent to search her car, officers found in the trunk a backpack that contained approximately ninety grams of crack and a loaded Lorcin 9mm pistol. From the glove compartment where registration and insurance documents named Walker as owner of the car, officers retrieved a loaded .25-caliber Raven pistol.

2

On these facts, the district court found Walker guilty of possession with intent to distribute crack cocaine and two counts of using or carrying a firearm during and in relation to a drug trafficking offense. The court sentenced Walker to a total of 181 months imprisonment to be followed by five years of supervised release. Walker timely appeals.

Walker asserts that the evidence was insufficient to convict her of possession with intent to distribute crack cocaine. In deciding whether the evidence was sufficient, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868); Glasser, 315 U.S. at 80. Moreover, circumstantial evidence is sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis of innocence. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

To establish that Walker possessed a controlled substance with the intent to distribute, the Government must prove that: (1) she possessed the controlled substance knowingly; and (2) with the intent to distribute. See Burgos, 94 F.3d at 873. Possession may be actual or constructive and may be proven by circumstantial evidence; intent to distribute may be inferred from quantities of drugs too large for personal consumption. See id.

We find that the evidence was sufficient to convict Walker of possession with intent to distribute. Walker admitted ownership of the apartment and car in which officers found the crack cocaine, scales, and $4000 in cash. Although Walker testified that she won the cash gambling and that she was unaware of Dedric Walker's drug activities or that the drugs and drug paraphernalia were in her apartment, the court necessarily considered and rejected that testimony. We do not review the factfinder's credibility determinations. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Finally, Walker's intent

3

to distribute may be inferred from the amount of crack cocaine seized --approximately 105 grams--an amount too large for personal consumption. See Burgos, 94 F.3d at 873; United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992) (holding that thirteen and one-half grams of crack cocaine sufficient for jury to infer intent to distribute), overruled on other grounds, Burgos, 94 F.3d at 862. From these facts a rational trier of fact could have found that Walker possessed the crack cocaine knowingly and with an intent to distribute. See Burgos, 94 F.3d at 862, 873.

Walker also challenges the sufficiency of the evidence on the § 924(c) counts. To sustain a conviction under§ 924(c), the Government must prove that (1) defendant used or carried a firearm; and (2) she did so during and in relation to a drug trafficking offense. See United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). We have defined "carry" as "knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner." Id. at 653. See also Muscarello v. United States, ___ U.S. ___, 118 S.Ct. 1911, 1919 (1998) (holding that the word "carry" in§ 924(c) "includes the carrying of a firearm in a vehicle"). In addition, "[a] firearm is carried `in relation to' a drug trafficking offense if it has `some purpose or effect with respect to the drug trafficking crime' and if its presence was not `the result of accident or coincidence.'" Mitchell, 104 F.3d at 654 (quoting Smith v. United States, 508 U.S. 223, 238 (1993)).

Here, it is clear that Walker carried the loaded 9mm Lorcin and .25-caliber Raven pistols. Officers observed Walker riding in her car in which officers found the guns and approximately ninety grams of crack cocaine. See id. at 653-54. Finally, we do not review the district court's credibility determination rejecting Walker's testimony that she did not know the guns were in the car. See Wilson, 118 F.3d at 234. We therefore find that the evidence was sufficient to convict Walker on the § 924(c) counts. See Mitchell, 104 F.3d at 652.

Accordingly, we affirm Walker's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4