UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4604

SCHULER D. COX,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-39)

Submitted: August 26, 1999

Decided: October 19, 1999

Before ERVIN,* WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janipher W. Robinson, ROBINSON & GREENE, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

*Judge Ervin was assigned to the panel in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a bench trial, Schuler D. Cox was convicted on several drug and firearms charges. He appeals, contending that there was an improper foundation for a police officer's expert testimony, there was insufficient evidence to support his convictions of possession with intent to distribute crack cocaine and carrying a firearm during and in relation to a drug trafficking crime, and that the district court erred during sentencing by failing to award him credit for acceptance of responsibility. Finding no merit to his claims, we affirm.

On December 4, 1997, Richmond City police officers stopped to question Cox and a few other people gathered around a car after the officers smelled marijuana. Cox, who was sitting on the car, acknowledged it was his. Officers arrested him after spotting a partially-smoked marijuana cigarette in the car's ashtray. Cox told the officers that he did not have the car keys, but then the keys fell from his person and the officers were able to gain access to the car. In addition to the marijuana cigarette, officers found a loaded handgun between the armrests of the front seat. Cox explained that he kept the gun for protection. In the car's trunk, officers found a 4.6 gram bag of marijuana, 0.124 grams of crack cocaine, and a safe containing a mirror with white residue on it. The officers also searched Cox and found a 1.442 rock of crack cocaine in his coat pocket and a pager. Cox was convicted on one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1999); possession of crack cocaine, in violation of 21 U.S.C.A. § 844 (West Supp. 1999); possession of marijuana, in violation of 21 U.S.C.A. § 844 (West Supp. 1999); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999); and possession of a firearm and ammunition by a controlled substance user, in violation of 18 U.S.C.A. § 922(g)(3) (West Supp. 1999).

2

On appeal, Cox first claims that the Government failed to provide a sufficient foundation to allow a police officer to testify that the quantity of cocaine found in Cox's coat pocket, along with the pager, the gun, and safe containing a mirror and white residue, indicated that Cox was engaged in drug dealing rather than merely personal use of crack cocaine. The officer testified that he received specialized training at a drug investigative school and was involved in numerous drug arrests which taught him what is consistent with personal drug use rather than drug distribution.

Cox's discontent with the substance of the officer's testimony ignores the plain language of Fed. R. Evid. 702, which allows for an expert to testify as to his specialized knowledge in a given area if the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony about common practices of drug dealers is routinely admitted in drug cases in order to help the trier of fact understand the mechanics of drug trafficking. See, e.g., United States v. Gastiaburo, 16 F.3d 582, 588-89 (4th Cir. 1994). We find that the district court acted within its discretion in allowing the officer's testimony. See Kopf v. Skyrm, 993 F.2d 374, 378 (4th Cir. 1993).

Next, Cox argues that the evidence was insufficient to support his convictions for possession of crack cocaine with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1) and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c). When reviewing sufficiency of the evidence, the trial verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

The essential elements of possession with intent to distribute under § 841(a)(1) are: (1) knowing and intentional possession; (2) with the intent to distribute. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). We find that the size of the rock of crack cocaine found in Cox's pocket and the pager, along with the safe containing a mirror and some residue, all of which a police officer testified were consistent with drug distribution rather than personal use, plus the fact that Cox lied about having car keys when officers sought access to his

3

car, provide substantial evidence to support the verdict. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996).

To sustain a conviction under § 924(c), the Government must prove that the defendant (1) used or carried a firearm, and (2) did so during and in relation to a drug trafficking offense. See United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997)."A firearm is carried `in relation' to a drug trafficking crime if it has`some purpose or effect with respect to the drug trafficking crime and if its presence was not the result of accident or coincidence.'" Id. at 654 (quoting Smith v. United States, 508 U.S. 223, 238 (1993)).

Cox admitted that he kept the gun for protection. The evidence showed that he was engaged in crack distribution and that much of the evidence was found in the same vehicle as the gun. We find this evidence sufficient to support Cox's conviction.

Finally, Cox argues that the district court should have reduced his offense level by two levels for acceptance of responsibility. The two level adjustment for acceptance of responsibility is available only where the defendant does not go to trial, unless he goes to trial to assert and preserve issues that do not relate to factual guilt, such as the constitutionality of a statute or the applicability of a statute to his conduct. See U.S. Sentencing Guidelines Manual § 3E1.1(a) & comment. (n.2) (1997). Here, Cox refused to admit at trial that he intended to distribute drugs and that he carried a firearm during and in relation to a drug trafficking offense, thereby requiring the Government to prove these matters at trial. The issues he sought to raise by means of a trial therefore related to factual guilt. Under these circumstances, the district court did not clearly err by finding that the reduction for acceptance of responsibility did not apply.

For these reasons, we affirm Cox's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4