UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4419

CELSO CASTRO NUNEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-98-45-A)

Submitted: December 22, 1999

Decided: January 24, 2000

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, P.C., Leba-
non, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, S. Randall Ramseyer, Assistant United States Attorney,
Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Celso Castro Nunez of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999). Nunez appeals the conviction, alleging the district court erred when it denied his motions for judgment of acquittal made pursuant to Fed. R. Crim. P. 29 and the evidence at trial was insufficient to prove beyond a reasonable doubt that he carried a firearm during and in relation to a drug trafficking crime. We affirm.

Nunez argues there was insufficient evidence presented at trial to prove he had knowledge of the firearm's presence in the glove compartment of the car he used to deliver twenty pounds of marijuana. This Court reviews a district court's decision to deny a motion for judgment of acquittal de novo. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3376 (U.S. Feb. 22, 1999) (No. 98-852). When a motion for judgment of acquittal is based on insufficiency of the evidence, the conviction must be sustained if the evidence, viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the elements of the crime beyond a reasonable doubt. See id.

At trial, it was undisputed that a firearm was located in the glove compartment of the vehicle Nunez drove from Georgia to Virginia for the purpose of delivering twenty pounds of marijuana. Further, four pieces of mail addressed to Nunez with recent postmarks were located underneath the firearm in the glove compartment. Nunez attempted to complete the marijuana delivery and sale of the marijuana while standing near his car.

A firearm is carried "in relation to" a drug trafficking offense if it has "some purpose or effect with respect to the drug trafficking crime" and if its presence was not "the result of accident or coincidence." United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997) (quoting Smith v. United States, 508 U.S. 223, 238 (1993)). Furthermore, a defendant's guilty knowledge may be proven by circumstantial evidence. See United States v. Heaps, 39 F.3d 479, 484 (4th Cir.

2

1994) (circumstantial evidence can show defendant had knowledge money was derived from illegal sources).

Viewing the evidence in the light most favorable to the Government, we find a jury could reasonably conclude that Nunez carried the firearm during and in relation to the drug trafficking offense. Therefore, it was not error for the district court to deny Nunez's motions for judgment of acquittal made at the close of the Government's case, at the close of all evidence, and again after the jury was discharged. We likewise find the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).

We therefore affirm Nunez's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED