UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RONALD LEE COUCH, JR., a/k/a D,
a/k/a Diablo,
          *Defendant-Appellant.*

No. 99-4052

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-98-99)

Submitted: May 31, 2001

Decided: July 2, 2001

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Kevin M. Comstock, Assistant United States Attorney, Ali T. Sprinkle, Third-Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A jury convicted Ronald Lee Couch, Jr., of several drug trafficking crimes, different counts of possessing, carrying, and using firearms and ammunition during and in relation to a drug trafficking crime, two counts of maintaining a place for the purpose of distributing or using controlled substances, and being a felon in possession of a firearm. Couch appeals, alleging errors at trial and sentencing. We affirm.

Couch argues there was insufficient evidence presented at trial to prove he carried ammunition and firearms on January 31, 1998. When a motion for judgment of acquittal is based on insufficiency of the evidence, "'[t]he verdict of [the] jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.'" *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (alteration in original) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)).

At trial, the testimony revealed Couch's co-conspirators helped him move from his Portsmouth, Virginia, residence to the Suffolk, Virginia, residence on January 31, 1998. Due to a shooting episode on February 1, 1998, both residences were searched, and the items taken from both residences and later produced or testified to at trial were sufficient to establish that Couch, with assistance from co-conspirators, moved or carried firearms from one residence to another on January 31, 1998. Because the firearms were carried "in relation to" Couch's maintaining both residences as a place for distribution or use of controlled substances, *see United States v. Mitchell*, 104 F.3d 649, 654 (4th Cir. 1997), the evidence was sufficient to convict Couch of the offense charged in Count 10 of the indictment.

Couch next asserts the evidence was insufficient to convict him of discharging and carrying firearms on February 1, 1998 in relation to

a drug trafficking offense. A firearm is carried "in relation to" a drug trafficking offense if it has "'some purpose or effect with respect to the drug trafficking crime' and if its presence was not 'the result of accident or coincidence.'" *Id.* (quoting *Smith v. United States*, 508 U.S. 223, 238 (1993)). Couch carried and discharged his firearm on February 1, 1998, for the purpose of protecting himself from an "ex-rival." (J.A. 108.) Evidence established he was heavily involved in drug trafficking, there were various controlled substances in his house on that day, and the jury reasonably concluded he was maintaining the residence to distribute or use controlled substances. Accordingly, there was substantial evidence to support the jury's conviction. *See Glasser*, 315 U.S. at 80.

Couch asserts the district court erred in sentencing him to consecutive terms of imprisonment on two separate convictions of using or carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000). Because Couch failed to raise this issue at sentencing, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). The jury convicted Couch of carrying a firearm in relation to a drug trafficking crime on January 31, 1998, and convicted him of using and carrying a firearm in relation to a drug trafficking crime on February 1, 1998. Because multiple consecutive sentences are appropriate in cases of multiple offenses, *see United States v. Camps*, 32 F.3d 102, 107 (4th Cir. 1994), it was not plain error for the district court to impose consecutive sentences.

Couch claims there was insufficient evidence to show he constructively possessed the Cobray PM-11 firearm located in a gun case in the Chevrolet Blazer parked in his Suffolk residence driveway. The evidence showed Couch drove the Blazer on January 31, 1998, handled firearms while inside the vehicle, and parked it in the driveway of the home he was maintaining to distribute or use controlled substances, all during the period he believed he was under siege by rival drug dealers. Accordingly, viewing the evidence in the light most favorable to the Government, we find a jury could reasonably conclude that Couch constructively possessed the Cobray PM-11 during or in relation to a drug trafficking crime. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998); *see also Muscarello v. United States*, 524 U.S. 125, 126-27 (1998) (concluding that one carries a

firearm within the meaning of 18 U.S.C. § 924(c)(1) if he carries the firearm anywhere inside a vehicle).

Couch also asserts there was insufficient evidence to support his conviction of maintaining a drug house at the Suffolk residence. From the extent of drugs and drug paraphernalia found at the residence, a jury could easily infer that Couch knew about the drugs, that he had dominion over the house, and that Couch intended to use the property to distribute drugs. *See United States v. Clavis*, 956 F.2d 1079, 1090-93 (11th Cir. 1992); *see also United States v. Onick*, 889 F.2d 1425, 1431 (5th Cir. 1989). Thus, the evidence was sufficient to support the conviction. Couch also maintains that the district court erred in admitting two Government exhibits. This Court reviews a district court's exclusion or admission of evidence for abuse of discretion. *See United States v. Russell*, 971 F.2d 1098, 1104 (4th Cir. 1992). We conclude Couch utterly fails to establish any abuse of discretion in admitting these exhibits.

Lastly, Couch contends his sentences on Counts One and Five of the indictment violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Count One alleged that Couch conspired to (1) possess with intent to distribute 1000 grams or more of methamphetamine; (2) distribute 1000 grams or more of methamphetamine; (3) distribute 100 kilograms or more or marihuana; (4) possess with intent to distribute 100 kilograms of marihuana; (5) possess with intent to distribute a detectable amount of cocaine; and (6) possess with intent to distribute a detectable amount of cocaine. Count Five charged Couch with possessing with intent to distribute approximately 700 grams of methamphetamine. In instructing the jury as to Count One, the district court did not mention the specific drug quantities, but did give the jury a copy of the indictment and informed the jury that it must first determine whether the "conspiracy existed as charged." (Supp. J.A. 19, 74.) The district court's instructions to the jury as to Count Five specifically stated that in order for it to find Couch guilty of Count Five, the Government must prove beyond a reasonable doubt that Couch "possessed approximately 700 grams of methamphetamine, a controlled substance[.]" (Supp. J.A. 24.) Couch failed to object to either jury instruction at trial. Couch was convicted of both counts and received concurrent sentences of 292 months each on Counts One and Five. His guideline range was 292-365 months.

*Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Count Five charged drug quantity in the indictment and the district court properly instructed the jury that the Government must prove beyond a reasonable doubt that Couch possessed approximately 700 grams of methamphetamine. As a result, we find no *Apprendi* error with respect to Count Five. As to Count One, we assume, without deciding, that the district court could have imposed only 240 months on Count One under *Apprendi* and 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2000) because the district court failed specifically to instruct the jury that it must find drug quantity beyond a reasonable doubt. *See United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001). Thus, we assume that the sentence imposed by the district court was erroneous; moreover, "[w]e further assume, *without deciding*, that the error is plain." *Id.* Under *U.S. Sentencing Guidelines Manual* § 5G1.2(d) (1998), the district court was obligated to impose consecutive sentences on Couch's various convictions until it reached the "total punishment," or 292 months. *White*, 238 F.3d at 542-43. Therefore, under *White* and § 5G1.2(d), Couch cannot show that his 292-month concurrent sentences were "longer than that to which he would otherwise be subject." *Id.* at 542. As a result, Couch "has not shown that the error affected his substantial rights," because he has not shown that his total sentence exceeded that acknowledged by the facts found by the jury. *Id.*

We therefore affirm Couch's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*