UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CLARENCE JEFFERSON, a/k/a Moby,
          *Defendant-Appellant.*

No. 00-4936

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-221)

Submitted: June 29, 2001

Decided: July 18, 2001

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David R. Lett, Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clarence Jefferson was convicted by a jury of distributing crack cocaine, 21 U.S.C.A. § 841(a) (West 1999) (two counts), carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000), and being a felon in possession of a firearm, 18 U.S.C.A. § 922(g) (West 1999), and sentenced to 300 months imprisonment. Jefferson appeals, claiming that the evidence was insufficient to support the § 924(c) conviction.

The evidence, viewed in the light most favorable to the government, *United States v. Burgos*, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), established the following. On December 8, 1997, a confidential informant arranged to make a controlled purchase of crack cocaine from Jefferson at the home of Jefferson's girlfriend, Beverly Tibbs. When Jefferson arrived, he had a handgun plainly visible, tucked into the waistband of his pants. Jefferson left the house to pick up the cocaine and when he returned, he placed the gun on the kitchen table and carried on a short discussion with Tibbs regarding the phone bill. He then sold to the informant a sixteenth of an ounce of crack cocaine for $100.

To sustain a conviction under § 924(c), the Government must prove that the defendant: (1) used or carried a firearm and (2) did so during and in relation to a drug trafficking offense. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). Jefferson was indicted and convicted only under the carry prong of the statute.

This court has defined "carry" as "knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner." *Id.* at 653; *see also Muscarello v. United States*, 524 U.S. 125, 139 (1998). "A firearm is carried 'in relation to' a drug trafficking offense if it has 'some purpose or effect with respect to the drug trafficking crime' and if its presence was not 'the result of accident or coincidence.' . . . The firearm must facilitate, or potentially facilitate, the drug trafficking offense." *Mitchell*, 104 F.3d at 654 (quoting *Smith v. United States*, 508 U.S. 223, 238 (1993)).

We find that there was ample evidence to support a finding that Jefferson "carried" the weapon in relation to the drug deal. *See Bailey v. United States*, 516 U.S. 137, 146 (1995) (carry prong applies "when an offender keeps a gun hidden in his clothing throughout a drug transaction"); *see also United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000) ("[I]t is enough for § 924(c)(1) purposes if the firearm was present for protection or to embolden the actor.") (citing *Mitchell*, 104 F.3d at 654).

Accordingly, we affirm Jefferson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*