UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4589

BALTAZAR HERNANDEZ-MONTOYA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-00-198)

Submitted: April 15, 2002

Decided: May 3, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

On December 18, 2000, Baltazar Hernandez-Montoya pleaded guilty to one count of kidnapping for abducting a 12-year-old girl and transporting her in interstate commerce, in violation of 18 U.S.C.A. § 1201(a) (West 2000); and one count of knowingly traveling in interstate commerce for the purpose of engaging in sexual acts with a person under 18 years of age, in violation of 18 U.S.C.A. § 2423(b) (West 2000).

Hernandez-Montoya argues on appeal that the Government failed to show a factual basis for federal jurisdiction on the kidnapping charge because it failed to establish a basis for finding the interstate travel element of § 1201(a). He contends that the there was no interstate transportation of the victim until after the kidnapping crime was already completed. This Court reviews a district court's acceptance of a guilty plea as supported by a sufficient factual basis for abuse of discretion. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

Under § 1201(a), kidnapping is the unlawful seizure or confinement of a person, held for ransom, reward, or otherwise, willfully transported in interstate commerce. *Id.* Here, the undisputed facts show that Hernandez-Montoya abducted a 12-year old girl with the purpose of having sex with her, took her to Sampson County, North Carolina, and then to Texas and Mexico.

Hernandez-Montoya's argument that the kidnapping and interstate travel are separate incidents based on an eight-day delay before the victim was taken from North Carolina is flawed. The statute contemplates separate events forming a single offense, a kidnapping followed by the interstate transportation of the victim. *See United States v. Hughes*, 716 F.2d 234, 237 (4th Cir. 1983). A pause in interstate

transportation will not undermine a federal kidnapping conviction. *See United States v. Toledo*, 985 F.2d 1462 (10th Cir. 1993) (affirming kidnapping conviction where victim was held for several days prior to interstate travel). The interstate travel requirement merely necessitates that the victim was held against her will while crossing state lines. *Id.* at 1468. As there is no dispute that the victim was being held against her will when she was removed from North Carolina, the length of her confinement in North Carolina is inconsequential.

Having heard sufficient evidence to establish every element of the offense, the district court did not abuse its discretion in accepting Hernandez-Montoya's plea of guilty. Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*