**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

MONSTSHO EUGENE VERNON,
                    *Defendant-Appellant.*

No. 01-4602

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-239)

Submitted: April 30, 2002

Decided: June 3, 2002

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

C. Rauch Wise, LAW OFFICE OF C. RAUCH WISE, Greenwood, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Monstsho Eugene Vernon pled guilty to seven counts of armed bank robbery in violation of 18 U.S.C.A. §§ 2113(a) & (d), 2 (West 2000), and two counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A. § 924(c) (West 2000). On appeal, Vernon contends that the district court erred in finding a factual basis for his plea for the § 924(c) offense charged in count 12 of his indictment, charging him with using, carrying, and brandishing a firearm during and in relation to a crime of violence; specifically, an armed bank robbery. The district court's determination of whether a factual basis exists for a guilty plea and its acceptance of a guilty plea is reversed only for abuse of discretion. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

The record discloses an adequate factual basis for Vernon's guilty plea. The court's reading of the charges in the indictment, coupled with Vernon's admission to the charges, provided a sufficient basis for the plea. *See United States v. McFadden*, 238 F.3d 198, 200 (2nd Cir. 2001). Moreover, Vernon also acknowledged the accuracy of the Government's recitation of the factual basis for the charge, which specifically averred Vernon's use of a handgun in connection with the robbery.

Vernon also asserts that his receipt of a three-level enhancement for use of a "dangerous weapon" in connection with the underlying armed robbery offense undermines the validity of his § 924(c) conviction for use of a firearm, because both offenses relate to the same armed robbery. While we note that the Government concedes that application of the dangerous weapon enhancement to the pertinent bank robbery charge was improper under *U.S. Sentencing Guidelines Manual* § 2K2.4, this does not undermine the validity of Vernon's plea to the § 924(c) charge. Moreover, we further note that Vernon does not challenge the propriety of the enhancement, or the Government's position that application of the enhancement did not ultimately affect Vernon's sentence.

Accordingly, we affirm Vernon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*