**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 03-6513

FRANK DOMINICK DIXON,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-357; CA-02-154-1)

Submitted: June 10, 2004

Decided: July 13, 2004

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Frank Dominick Dixon, Appellant Pro Se. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Frank Dominick Dixon appeals from the district court's order accepting the report and recommendation of the magistrate judge and denying his 28 U.S.C. § 2255 (2000) motion. We previously granted a certificate of appealability. On appeal, Dixon contends that there was an insufficient factual basis to support his guilty plea and that his attorney was ineffective for failing to raise the issue at sentencing and on appeal. After carefully examining the record, we affirm the judgment of the district court.

Preliminarily, guilty pleas are not normally subject to collateral attack, but may be so challenged on the ground that the plea was not knowing or voluntary. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Even the voluntariness and intelligence of a plea, however, can be attacked collaterally only if first challenged on direct review or upon a showing of cause and prejudice or actual innocence. *Id.* Even if Dixon's claim is construed as attacking the voluntariness or intelligence of his plea, he did not raise this issue on direct appeal. While he does not directly assert either cause or prejudice, to the extent that he alleges that his attorney failed to challenge the sufficiency of the factual basis, he could be credited with alleging cause for his failure to raise his claim on direct appeal. However, because Dixon's claim fails on the merits, he cannot establish prejudice.

While Fed. R. Crim. P. 11(b)(3) requires a district court to determine that there is a sufficient factual basis supporting a conviction, Rule 11(b)(3) does not concern the acceptance of a guilty plea. Instead, the Rule provides that the court should not enter a "judgment" without satisfying itself that there is a factual basis for the plea. Thus, a sufficient factual basis must have been present at the time of sentencing, when judgment was entered, and not, as Dixon contends, at his guilty plea hearing. *See United States v. Martinez*, 277 F.3d 517, 531 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002); *United States v. Mitchell*, 104 F.3d 649, 651 (4th Cir. 1997).

Specifically, Dixon contends that there was not a sufficient factual basis to show that he was aware that his step-brother, Angel Morales,

who Dixon admittedly drove to various meetings and collected money for, was involved in drug dealing. At sentencing, the district court had before it the uncontradicted testimony of Morales. Morales testified that Dixon acted as a lookout during three drug transactions, in case the police came. Thus, even if Dixon were unaware of the specific nature of the transactions, he did know that Morales was conducting illegal business. In addition, Dixon was not unfamiliar with the drug business and had several previous convictions for drug trafficking. It was, therefore, probable that Dixon knew that, when he drove Morales to meet with the same person three times and watched Morales's back while the exchanges were made, Morales was conducting drug transactions. Moreover, it is safe to say that, when Morales asked Dixon to collect money, Dixon knew that the money was proceeds from drug transactions. At the very least, Dixon knew that the money came from an illegal source, since Morales once asked Dixon to keep half the money on his body during a trip, in case they got stopped by the police. Dixon's prior knowledge of the drug business, combined with the suspicious circumstances of Morales's dealings, constituted a sufficient factual basis to show Dixon's intent and knowledge. *See Mitchell*, 104 F.3d at 652 (a sufficient factual basis does not require proof beyond a reasonable doubt). Accordingly, the district court did not err in entering judgment against Dixon.

Regarding Dixon's claim of ineffective assistance, Dixon had to show both that his lawyer's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, prejudice is established by a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

Dixon cannot demonstrate the requisite prejudice required under *Strickland*. He has not alleged that he wanted to go to trial, and the Rule 11 hearing shows that he was certain he would be convicted. In addition, Dixon admitted his participation, and his defense that he did not know what was occurring was unlikely to be believed. Thus, Dixon cannot show any reason that he might have opted for trial. Moreover, as discussed above, there was no Rule 11 error. Thus, any attempt to challenge the factual basis at the guilty plea hearing (prior

to sentencing) would have been premature, and failure to do so would not constitute ineffective assistance.

Accordingly, we affirm the district court's order. We grant Dixon's motion to supplement his informal brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*