**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-4303**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TSAIKUWN ALDAGO HAIRSTON,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:08-cr-00022-jlk-1)

─────────

Submitted:  December 29, 2010          Decided:  January 27, 2011

─────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Mark T. Williams, WILLIAMS, MORRISON, LIGHT & MOREAU, Danville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tsaikuwn Aldago Hairston appeals his convictions after a jury trial of one count of conspiracy to distribute more than fifty grams of cocaine base, and more than five kilograms of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), one count of perjury, in violation of 18 U.S.C. § 1623 (2006), and one count of committing a criminal offense while on pretrial release, in violation of 18 U.S.C. § 3147 (2006). He claims the district court erred in: (1) denying his motion to suppress evidence seized from a vehicle during a search incident to a lawful arrest; (2) denying his motion in limine to exclude evidence; and (3) denying his motion for judgment of acquittal. Finding no error, we affirm.

In reviewing the district court's denial of Hairston's suppression motion, this court reviews the district court's factual determinations for clear error and any legal determinations de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). Because the district court denied Hairston's motion, this court construes the evidence "in the light most favorable to the government," the prevailing party below. Id.

2

A search incident to a lawful arrest is an exception to the warrant requirement that permits "law enforcement officers following a lawful arrest [to] . . . search the arrestee's person and the area within his immediate control." United States v. Murphy, 552 F.3d 405, 410 (4th Cir. 2009) (internal quotation marks and citations omitted). Hairston contends that, under Arizona v. Gant, 129 S. Ct. 1710 (2009), the search in this case could not be justified as a search incident to a lawful arrest because he had already been removed from the vehicle and secured in the police car when the police conducted the search.

However, we need not reach the Gant issue as the evidence obtained from the vehicle search is admissible under the inevitable discovery doctrine. In 1984, the Supreme Court recognized the "inevitable discovery" exception to the exclusionary rule, stating that "when, as here, the evidence in question would inevitably have been discovered without reference to the police error or misconduct, there is no nexus sufficient to provide a taint and the evidence is admissible." Nix v. Williams, 467 U.S. 431, 448 (1984).

Police officers frequently perform inventory searches when they impound vehicles or detain suspects. See, e.g., Illinois v. Lafayette, 462 U.S. 640, 648 (1983) (holding admissible evidence recovered during an inventory search of a

3

shoulder bag possessed by a lawfully arrested person); South Dakota v. Opperman, 428 U.S. 364, 376 (1976) (holding admissible evidence discovered during the impoundment of an illegally parked automobile). Such searches "serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." Colorado v. Bertine, 479 U.S. 367, 372 (1987); see also United States v. Banks, 482 F.3d 733, 739 (4th Cir. 2007) ("A proper inventory search is merely an incidental administrative step following arrest and preceding incarceration, conducted to protect the arrestee from theft of his possessions, to protect the police from false accusations of theft, and to remove dangerous items from the arrestee prior to his jailing.") (internal quotation marks and citations omitted). For the inventory search exception to apply, the search must have "be[en] conducted according to standardized criteria," such as pursuant to a uniform police department policy, Bertine, 479 U.S. at 374 n.6, and performed in good faith, Banks, 482 F.3d at 739; see also United States v. Brown, 787 F.2d 929, 932 (4th Cir. 1986).

In this case, if the officer had not conducted a search incident to arrest, an inventory search of the car would have been conducted, wherein the evidence in question would have been discovered. Because the items seized would have been

4

inevitably discovered, the district court was correct in denying Hairston's motion to suppress.

Hairston next challenges the district court's denial of his motion in limine to exclude the evidence of the ion scan results that indicated the presence of cocaine on money seized from Hairston's person and the vehicle he was driving. Hairston contends that the evidence was irrelevant and unfairly prejudicial under Federal Rules of Evidence 402 and 403 and that the method used to test the money was not reliable.

"[R]elevance typically presents a low barrier to admissibility." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003). Thus, evidence is relevant if it is "worth consideration by the jury" or has a "plus value." United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997) (internal quotation marks omitted). Rule 403 provides a "more limited bar to otherwise admissible evidence." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009), cert. denied, 130 S. Ct. 3353 (2010). Rule 403 "only requires suppression of evidence that results in unfair prejudice — prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal quotation marks omitted).

Rule 702 of the Federal Rules of Evidence permits the admission into evidence of an expert's testimony if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the trier of fact to understand or resolve a fact in issue. Fed. R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993). This inquiry requires an analysis of whether the reasoning and methodology underlying the expert's proffered opinion is reliable and whether such opinion is relevant to the fact at issue. See id. at 591-95. This court reviews the district court's evidentiary ruling for abuse of discretion. United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). After reviewing the record, we conclude that the district court did not abuse its discretion in allowing the admission into evidence of the ion scan results.

Hairston lastly challenges the district court's decision denying his motion for acquittal and finding there was sufficient evidence to convict him of conspiracy to distribute crack cocaine, carrying a firearm in furtherance of drug trafficking, and perjury. This court reviews the district

court's denial of a motion for a judgment of acquittal de novo. United States v. Kingrea, 573 F.3d 186, 194 (4th Cir. 2009). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (citations omitted).

Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

We have carefully reviewed the record and conclude that the evidence was sufficient to convict on all three counts. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (discussing the elements of conspiracy to distribute

7

and possess with intent to distribute crack cocaine); United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (discussing the elements of possession of a firearm in furtherance of drug trafficking); United States v. Wilkinson, 137 F.3d 214, 224 (4th Cir. 1998) (discussing the elements of perjury).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED