UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 00-4679

GEORGE LYNCH,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-00-103)

Submitted: March 16, 2001

Decided: April 17, 2001

Before WILKINS, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael S. Arif, MARTIN, ARIF, PETROVICH & WALSH, Spring-field, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Sara R. Lewenberg, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

George Lynch appeals his convictions for possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(a) (West 2000). Lynch pled not guilty and waived his right to a jury trial. The district court found Lynch guilty on these charges and sentenced him to 240 months incarceration and four years of supervised release. On appeal, Lynch asserts there was insufficient evidence to support his convictions.

The standard for review is whether, viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). After reviewing the evidence presented at trial under this standard, we affirm Lynch's convictions.

Virginia State Trooper James R. Robinson's testimony on behalf of the Government established that Lynch, when stopped for speeding in a tractor trailer, presented a fraudulent license. Lynch subsequently forged a legal document by signing his citation under a false name, which led to Lynch's arrest and a search of his vehicle. This search revealed that Lynch transported 2997 grams of cocaine in a package sealed with duct tape, which sat in an open bag in the cab of Lynch's vehicle. A handgun with an ammunition clip was found in the cab's sleeping compartment.

Robinson also testified that Lynch admitted that he was in the vehicle when the bag was placed in the cab and he was instructed to deliver the bag to New York with his cargo of tomatoes to receive a $2000 payment. On the night of his arrest, Lynch acknowledged he "had an idea" about the bag's contents. Lynch also told Robinson he felt compelled to travel with a gun to protect himself on this trip, though Lynch on appeal maintains he believed the bag contained an additional supply of tomatoes.

Viewing this evidence in the light most favorable to the prosecution, the district court had sufficient evidence to establish Lynch was guilty of cocaine possession with intent to distribute. 21 U.S.C.A. § 841(a)(1); *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996). Additionally, since we find sufficient evidence of Lynch's culpability for cocaine trafficking, we likewise find sufficient evidence to support his conviction for carrying a firearm in relation to a drug offense. 18 U.S.C. § 924(c)(1)(a); *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*