**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-4603**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY DARNELL MCLEAN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CR-00-116)

———————

Submitted: April 27, 2001           Decided: May 17, 2001

———————

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Arif, MARTIN, ARIF, PETROVICH & WALSH, Springfield, Virginia, for Appellant. Helen F. Fahey, United States Attorney, William E. Fitzpatrick, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Darnell McLean appeals his conviction for carrying a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000).[*] McLean alleges that the evidence at trial was not sufficient to support his conviction. We find the evidence at trial was sufficient to find that the firearm found under McLean's car seat belonged to him and that it was used in furtherance of a drug trafficking offense, and therefore there was sufficient evidence to support the conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942) (stating that "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it"); United States v. Mitchell, 104 F.3d 649, 652-54 (4th Cir. 1997) (discussing evidence necessary to establish violation of 18 U.S.C.A. § 924(c)).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] McLean pled guilty to possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). He proceeded to a bench trial on the second count in the indictment.

2