United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-31034
Summary Calendar

———————————

ROY STEVE DAVIS,

Petitioner-Appellant,

versus

ROBERT TAPIA,

Respondent-Appellee.

———————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-618

———————————

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roy Steve Davis, federal prisoner # 16159-083, appeals the denial of his 28 U.S.C. § 2241 habeas petition challenging his convictions for bank robbery and use of a firearm during a crime of violence. He alleges that he was denied the effective assistance of counsel, the evidence was not sufficient to support the convictions, the jury was improperly instructed, the district court improperly applied the sentencing guidelines, and the Government failed to prove that he used a weapon in relation to the offense under <u>Bailey v. United States</u>, 516 U.S. 137 (1995).

———————————

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis contends that his claims fall within the savings clause of 28 U.S.C. § 2255. "[T]he savings clause of 28 U.S.C. § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

With respect to his non-Bailey claims, Davis has not pointed to a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, nor has he shown that these claims were foreclosed by circuit law at the time of his conviction or when he filed his initial 28 U.S.C. § 2255 motion. See Reyes-Requena, 243 F.3d at 903-04.

Davis' Bailey claim was foreclosed by circuit law at the time that he filed his first 28 U.S.C. § 2255 motion. See United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991). He is not entitled to raise the Bailey claim in a successive motion because the Bailey decision did not announce a new rule of constitutional law. Bousley v. United States, 523 U.S. 614, 620-23 (1998); § 2255. A valid Bailey claim is sufficient to meet the requirement that the claim is based on a retroactively applicable Supreme Court case. See Bousley, 523 U.S. at 620-21. However, it is unclear

2

whether Davis can show that he was convicted of a nonexistent offense under Bailey.

Title 18 U.S.C. § 924(c)(1) calls for an enhanced sentence when a person uses or carries a firearm during and in relation to any crime of violence or drug-trafficking crime. The Bailey decision interpreted the "use" prong of 18 U.S.C. § 924(c)(1) as requiring the Government to show "active employment of the firearm" to sustain a conviction on that prong. 516 U.S. at 144. The Fourth Circuit Court of Appeals has held that Bailey did not define "carrying" within the context of 18 U.S.C. § 924(c). See United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997).

It cannot be determined from the record whether Davis was charged with "using" or "carrying" a firearm. Nor can it be discerned from the record whether Davis "used" the weapon within the meaning of Bailey. The judgment of the district court denying the motion is VACATED, and the case is REMANDED to the district court for a determination whether Davis' conviction under 18 U.S.C. § 924(c) was valid in light of Bailey.

**VACATED AND REMANDED.**