**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4842

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HAROLD FULLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  David A. Faber, Chief District Judge.  (CR-04-107)

Submitted:  July 17, 2006

Decided:  July 28, 2006

Before WIDENER, WILKINSON, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Thomas R. Ascik, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Harold Fuller was indicted on one count of simple (unarmed) bank robbery, see 18 U.S.C.A. § 2113(a); one count of armed bank robbery, see 18 U.S.C.A. § 2113(d); and one count of using, carrying, or possessing a handgun in furtherance of the bank robbery, see 18 U.S.C.A. § 924(c). Each count carried with it an allegation that Fuller aided and abetted the commission of the charged crime. See 18 U.S.C.A. § 2. Fuller pleaded guilty to the simple bank robbery count and proceeded to trial on the remaining counts. The jury convicted Fuller of both counts. Concluding that the conviction on the unarmed bank robbery charge merged with the armed bank robbery conviction, the district court vacated the § 2113(a) conviction. The court sentenced Fuller to 84 months imprisonment on the armed bank robbery charge and a consecutive term of 60 months on the § 924(c) charge. Fuller appeals.

Fuller first contends that the evidence was insufficient to support his convictions. He argues that because he was merely the driver of the getaway car and did not enter the bank, his convictions can stand only under an aiding and abetting theory. He claims that the evidence was insufficient to show that he knew that Williams Reynolds, his accomplice, would use a gun when robbing the bank. When considering a sufficiency-of-the-evidence challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to

support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). When evaluating the sufficiency of the evidence, this court "may not weigh the evidence or review the credibility of the witnesses. Those functions are reserved for the jury, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (citation and internal quotation marks omitted).

The government's evidence established that Reynolds had the gun in his possession when he robbed the bank. While there was no evidence that he displayed the gun, he did threaten to use the gun. See J.A. 13. That evidence is sufficient to show that an armed bank robbery occurred, see 18 U.S.C.A. § 2113(d), and it is likewise sufficient to establish that the weapon was used, carried, or possessed in furtherance of a crime of violence, as required by § 924(c). See Bailey v. United States, 516 U.S. 137, 149 (1995) (explaining that mentioning the presence of a hidden gun can amount to "use" of the gun within the meaning of § 924(c)); United States v. Mitchell, 104 F.3d 649, 653-54 (4th Cir. 1997) (explaining the evidence necessary to establish that the defendant carried a

firearm in furtherance of a drug trafficking offense or crime of violence). The government also presented evidence showing that Fuller knew Reynolds was taking a gun into the bank. Reynolds testified that Fuller knew he had a gun, <u>see</u> J.A. 168, and an FBI agent who interviewed Fuller testified that Fuller told him he knew that Reynolds was taking a gun into the bank, <u>see</u> J.A. 88-89. This evidence is thus sufficient to support Fuller's convictions under an aiding and abetting theory. <u>See</u> <u>United States v. Wilson</u>, 135 F.3d 291, 305 (4th Cir. 1998) (discussing aider-and-abettor liability for § 924(c) violations); <u>United States v. McCaskill</u>, 676 F.2d 995, 998 (4th Cir. 1982) (discussing aider-and-abettor liability for an armed bank robbery charge).

Fuller also contends that the sentence imposed by the district court was unreasonable. After the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Nonetheless, in determining a sentence post-<u>Booker</u>, courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a). <u>See</u> <u>id.</u> A sentence is within the properly calculated guideline range is presumptively reasonable. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

In this case, Fuller's sentence was within the properly-calculated guideline range and was within the statutory maximum sentence. Fuller's sentence thus is presumptively reasonable, and we find his appellate arguments inadequate to overcome this presumption. That Fuller was only the driver of the getaway car, did not enter the bank, and did not physically possess the firearm does not make him less culpable, nor do those facts render a within-guideline sentence unreasonable. And while Fuller contends that his criminal history category was primarily the result of old criminal conduct, we note that five of Fuller's criminal history points were for criminal conduct that occurred less than ten years before the bank robbery at issue in this case. Moreover, the district court carefully considered this argument and concluded that the criminal history calculation was proper and that there was no reason to impose a below-guideline sentence. We cannot conclude that the district court abused its discretion in this regard. Because the district court appropriately treated the guidelines as advisory and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.

Accordingly, we affirm Fuller's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED