**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4452**

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

DANNY DEE ALAN,

                                   Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:01-cr-00076)

Submitted:  November 28, 2007    Decided:  December 19, 2007

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Adam Morris, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Dee Alan pled guilty, without a plea agreement, to one count of possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b) (West 1999 & Supp. 2007). The district court sentenced Alan to ninety-seven months in prison. Alan timely appealed. Alan's sole contention is that his conviction is invalid because, in finding that there was a sufficient factual basis to support Alan's guilty plea, the district court improperly relied on two pounds of sham methamphetamine ("flex") found in Alan's car that he contends were placed there without his knowledge by a confidential informant during a reverse sting operation. Because he failed to raise this issue in the district court, we review Alan's claim for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

Under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, a district court must find a sufficient factual basis to support a defendant's guilty plea before entering judgment upon that plea. Fed. R. Crim. P. 11(b)(3); United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). The district court may rely on "anything that appears on the record" to conclude that a factual basis exists. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

Contrary to Alan's contention, the district court found a factual basis for Alan's guilty plea before making any rulings on

the flex.  The court's rulings on the flex concerned the quantity of drugs for which Alan was responsible for purposes of sentencing rather than for purposes of establishing a factual basis for Alan's guilty plea.  Moreover, our review of the record reveals that there was sufficient evidence in the record independent of the flex to establish a factual basis for Alan's guilty plea.  Accordingly, we find that the district court did not plainly err in concluding that there was a sufficient factual basis to support Alan's guilty plea.

For these reasons, we affirm Alan's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>