**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 06-5109**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALEB J. CARR,

Defendant - Appellant.

―――――――――――

**No. 06-5143**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN J. SMALL,

Defendant - Appellant.

―――――――――――

Appeals from the United States District Court for the Eastern
District of Virginia, at Newport News.  Jerome B. Friedman,
District Judge.  (4:06-cr-00006-JBF)

―――――――――――

Argued: December 7, 2007          Decided: January 7, 2008

―――――――――――

Before DUNCAN, Circuit Judge, HAMILTON, Senior Circuit Judge, and Catherine C. BLAKE, United States District Judge for the District of Maryland, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** James Stephen Ellenson, Newport News, Virginia; Stephen A. Hudgins, Newport News, Virginia, for Appellants. Michael R. Gill, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Caleb Carr and John Small of conspiracy to violate the Hobbs Act, by obstructing, delaying, and affecting interstate commerce by robbery, 18 U.S.C. §§ 371, 1951(a). Both Carr and Small were charged with other related substantive offenses, namely numerous counts of both Hobbs Act robbery, id. § 1951(a), and using, carrying, and possessing firearms in relation to the Hobbs Act offenses, id. § 924(c)(1). Small appeals his convictions, challenging the district court's denial of his motion to suppress, the district court's denial of his motion to sever his case from Carr's case, the sufficiency of the evidence to support his convictions, and the district court's instruction on the Hobbs Act's interstate commerce element. Carr appeals his convictions, joining Small's jury instruction argument. We affirm.

First, Small asserts that the district court erred when it denied his motion to suppress. According to Small, the police officers' entry on March 15, 2005 into his residence against his wishes and without a warrant violated his rights as protected by the Fourth Amendment. He also claims that the protective pat-down of his person that followed shortly after the entry and led to the recovery of a firearm also violated his Fourth Amendment rights. In reviewing the district court's denial of a motion to suppress, we review questions of law de novo and findings of fact and reasonable inferences drawn from those findings for clear error.

3

<u>United States v. Hill</u>, 322 F.3d 301, 304 (4th Cir. 2003). Having carefully reviewed Small's Fourth Amendment claims, we conclude that the district court did not err when it denied Small's motion to suppress, as the initial entry into the residence was clearly justified pursuant to the exigent circumstances exception to the warrant requirement, <u>see</u> <u>United States v. Cephas</u>, 254 F.3d 488, 494-95 (4th Cir. 2001) (setting forth the factors the court must consider in determining whether exigent circumstances are present), and the pat-down that followed was warranted to protect the officers' safety, <u>see</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 27 (1968) (noting that officers may stop and frisk a suspect if they have a reasonable suspicion that both criminal activity is afoot and the suspect is armed and dangerous).

Next, Small contends that the district court erred when it denied his motion for severance. Essentially, Small contends that severance was warranted because of the spillover effect of the evidence admitted against Carr. We review a district court's denial of a motion for severance for an abuse of discretion. <u>United States v. Ford</u>, 88 F.3d 1350, 1361 (4th Cir. 1996). A "party moving for severance must establish that prejudice would result from a joint trial." <u>United States v. Brooks</u>, 957 F.2d 1138, 1145 (4th Cir. 1992).

We find Small's argument unpersuasive. "Defendants who have been charged in the same conspiracy indictment should ordinarily be

4

tried together." Id. Because Small was involved in the same overall conspiracy as Carr, it was proper for Small and Carr to be tried together. The mere fact that evidence against one defendant may be stronger than the evidence against another defendant does not warrant severance. Id. Each of the charges against Small arose out of the same conspiracy as those of Carr. While the government did not allege that Small participated in the robbery in which Carr was caught red-handed, this fact alone does not justify severing his trial from Carr's trial, especially since the district court in this case cautiously instructed the jury that it was not to consider the evidence against one defendant when deciding upon the guilt or innocence of the other defendant. See id. (concluding that the record failed to indicate that either defendant was convicted based on spillover evidence because the district court properly instructed the jury that it was not to consider the evidence against one defendant when deciding upon the guilt or innocence of another defendant). Moreover, Small is unable to meet his burden of showing that he was prejudiced by the joinder. See id. (noting that there was abundant evidence, independent of the evidence against the other codefendants, supporting the convictions of both defendants that rendered the spillover argument meritless).

Small also contends that there is insufficient evidence in the record to support his convictions. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support

5

it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (citation and internal quotation marks omitted). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

We have carefully reviewed the record and conclude that the evidence in the record is sufficient to support the jury's verdicts. See United States v. To, 144 F.3d 737, 747-48 (11th Cir. 1998) (noting that, to prove a Hobbs Act conspiracy, the government must show three things, namely that "(1) two or more persons agreed to commit a robbery encompassed within the Hobbs Act; (2) the

6

defendant knew of the conspiratorial goal; and (3) the defendant voluntarily participated in helping to accomplish the goal"); United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003) (noting that a Hobbs Act violation requires proof of two elements, namely, (1) the underlying robbery or extortion crime; and (2) an effect on interstate commerce); United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (holding that, in a § 924(c)(1) prosecution, the government must prove that the defendant used or carried a firearm and that the defendant did so during and in relation to a drug trafficking offense or a crime of violence).

Finally, Small and Carr challenge the district court's instruction on the interstate commerce element of a Hobbs Act violation.  According to the defendants, the district court's instruction allowed the jury to conclude that only a probable effect on interstate commerce was necessary for conviction, and a probable effect on interstate commerce is not the standard in this circuit.  The decision whether to give a jury instruction, and the content of that instruction, are reviewed for an abuse of discretion.  United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995).  "This court reviews jury instructions in their entirety and as part of the whole trial" to determine "whether the court adequately instructed the jury on the elements of the offense and the accused's defenses."  United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (citation and internal quotation marks

7

omitted).  Because we have held that the Hobbs Act's interstate commerce element is satisfied when the effect on interstate commerce is "reasonably probable," United States v. Buffey, 899 F.2d 1402, 1404 (4th Cir. 1990), we reject the defendants' argument.  See also United States v. Bailey, 990 F.2d 119, 125 (4th Cir. 1993) (noting that interstate commerce element may be satisfied even when the impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected).  In any event, even if the district court's instruction was erroneous, any error here is harmless beyond a reasonable doubt.  See Neder v. United States, 527 U.S. 1, 9-10 (1999) (holding that harmless-error analysis applies when a district court's jury instructions omit or misstate an element of an offense).

For these reasons, we affirm the district court's judgments.


AFFIRMED