**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4603**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD CENTENO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:12-cr-00385-FDW-1)

Submitted: December 18, 2020                    Decided: December 28, 2020

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. McLoughlin, Jr., Matille C. Gibbons, MOORE & VAN ALLEN, PLLC, Charlotte, North Carolina, for Appellant. William T. Stetzer, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ronald Centeno of carjacking, in violation of 18 U.S.C. § 2119, attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The district court imposed a sentence of 185 months, and Centeno now appeals.

On appeal, Centeno first argues that, by instructing the jury that it could convict him as an aider and abettor under 18 U.S.C. § 2, the district court constructively amended the indictment in violation of the Fifth and Sixth Amendments. However, we have consistently held that a defendant "may be convicted of aiding and abetting under an indictment which charges only the principal offense." *United States v. Day*, 700 F.3d 713, 720 (4th Cir. 2012) (internal quotation marks omitted); *see United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010) ("It is settled that vicarious liability predicated on having aided or abetted the crimes of another need not be charged in an indictment."). Centeno points to the Supreme Court's holding in *Rosemond v. United States*, 572 U.S. 65, 71 (2014), that, to convict a defendant as an aider and abettor under § 924(c), the government must prove that the defendant knew in advance that a confederate would use or carry a firearm during the predicate offense. We find no support for Centeno's contention that *Rosemond* abrogated our prior holdings in *Day* and *Ashley*, and we therefore reject Centeno's constructive amendment argument.

Centeno next contends that his carjacking conviction is invalid because the district court instructed the jury that it could find that the Government satisfied the intent element of 18 U.S.C. § 2119 if it proved that Centeno had a conditional intent to cause death or

2

serious bodily harm. As Centeno concedes, however, this argument is foreclosed by *Holloway v. United States*, 526 U.S. 1 (1999), in which the Supreme Court held that such a conditional intent instruction is consistent with § 2119.

Finally, Centeno challenges the sufficiency of the evidence supporting his carjacking and § 924(c) convictions. We review the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. *United States v. Young*, 916 F.3d 368, 384 (4th Cir.), *cert. denied*, 140 S. Ct. 113 (2019). In reviewing the sufficiency of the evidence to support a conviction, we "view[] the evidence in the light most favorable to the prosecution and decide[] whether substantial evidence—that is, evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt—supports the verdict." *Id.* (internal quotation marks omitted).

In order to convict a defendant under § 2119, the government must demonstrate that "the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped[,] or received in interstate or foreign commerce (4) from the presence of another (5) by force and violence or intimidation." *United States v. Foster*, 507 F.3d 233, 246 (4th Cir. 2007) (internal quotation marks omitted). To convict a defendant as an aider and abettor, the government must prove that the defendant took an affirmative act in furtherance of the offense, with the intent of facilitating the commission of the offense. *Rosemond*, 572 U.S. at 71. For the charge of possession of a firearm during or in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), the government must prove that the defendant used or carried a firearm and did so during and in relation to a crime of violence. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir.

3

1997).  To convict a defendant of aiding and abetting a § 924(c) offense, the government must show "'that the defendant actively participated in the underlying violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission.'"  *United States v. Benson*, 957 F.3d 218, 237 (4th Cir. 2020) (quoting *Rosemond*, 572 U.S. at 71), *cert denied*, No. 20-6196, 2020 WL 7132646 (U.S. Dec. 7, 2020).

Having reviewed all the evidence at trial in the light most favorable to the Government, we conclude that Centeno's convictions were supported by sufficient evidence.  We therefore affirm the district court's amended criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*